# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **GLADYS JENKINS, et al.,** | ] | |
| | ] | |
| **Plaintiffs,** | ] | |
| | ] | **CASE NO.:** |
| | ] | **2:02-CV-1057-VEH** |
| **v.** | ] | |
| | ] | |
| **BELLSOUTH CORPORATION,** | ] | |
| | ] | |
| **Defendant.** | ] | |

## MEMORANDUM OPINION AND ORDER

## I.    INTRODUCTION

Plaintiffs Gladys Jenkins, Denise Levert, David Williams, Peggy Johnson, and

Sharon Griffin filed this lawsuit on April 29, 2002.  (Doc. #1).  The undersigned

inherited this case by way of reassignment on July 2, 2004.  (Doc. #145).

Pending before the court is Plaintiffs' Motion for Reconsideration and in the

Alternative for Leave to Amend the Complaint (Doc. #284) filed on October 3, 2006,

relating to the Court's September 19, 2006 ruling favorable to Defendant BellSouth

Corporation ("BellSouth") denying class certification.[1]  The court has studied all the

---

[1]Also pending before the Court is Plaintiffs' Motion for Leave to Amend
Complaint (Doc. #287) filed on October 13, 2006.  In that Motion, Plaintiffs seek
leave to amend the Complaint as to "housekeeping" matters, that is, matters that do
not effect the Court's Order denying class certification.  The Court will address that
Motion by separate order.

filings relating to this motion.  As discussed more fully below, the court concludes that Plaintiffs' Motion for Reconsideration and in the Alternative for Leave to Amend the Complaint is due to be denied.

## II.    ANALYSIS

### A.    Plaintiffs' Motion for Reconsideration

#### 1.    Applicable Law on Motions for Reconsideration

In the interests of finality and conservation of scarce judicial resources, reconsideration of an order is an extraordinary remedy and is employed sparingly. *See United States v. Bailey*, 288 F. Supp. 2d 1261, 1267 (M.D. Fla. 2003);[2] *Pennsylvania Ins. Guar. Ass'n v. Trabosh*, 812 F. Supp. 522, 524 (E.D. Pa. 1992); *Spellman v. Haley*, 2004 WL 866837, 2 (M.D. Ala. Feb. 22, 2002) ("litigants should not use motions to reconsider as a knee-jerk reaction to an adverse ruling").  Indeed, as a general rule, "[a] motion to reconsider is only available when a party presents the court with evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice."  *Summit Medical Center of AL, Inc. v. Riley*, 284 F. Supp. 2d 1350, 1355 (M.D. Ala. 2003); *see also Rossi v. Troy State University*, 330 F. Supp. 2d 1240, 1249 (M.D. Ala. 2002)

─────────────────

[2]District court decisions, even from this district, are not controlling authority, but rather may be persuasive authority for this Court to consider.

("Additional facts and arguments that should have been raised in the first instance are not appropriate grounds for a motion for reconsideration."); *Lazo v. Washington Mutual Bank*, 2001 WL 577029, *1 (9th Cir. May 29, 2001) (motion to reconsider is properly denied when record shows that movant merely reiterates meritless arguments); *American Marietta Corp. v. Essroc Cement Corp.*, 2003 WL 463493, *3 (6th Cir. Feb. 19, 2003) (similar); *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996) ("Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence.").

Likewise, the Eleventh Circuit has declared that "a motion to reconsider should not be used by the parties to set forth new theories of law." *Mays v. U.S. Postal Service*, 122 F.3d 43, 46 (11th Cir. 1997); *see also Russell Petroleum Corp. v. Environ Products, Inc.*, 333 F. Supp. 2d 1228, 1234 (M.D. Ala. 2004) (relying on *Mays* to deny motion to reconsider when movant advances several new arguments); *Coppage v. U.S. Postal Service*, 129 F. Supp. 2d 1378, 1379-81 (M.D. Ga. 2001) (similar);[3] *Richards v. United States*, 67 F. Supp. 2d 1321, 1322 (M.D. Ala. 1999) (same).

---

[3]This discussion is lifted almost verbatim from Judge Steele's opinion in *Gougler v. Sirius Products, Inc.*, 370 F. Supp. 2d 1185, 1189 (S.D. Ala. 2005).

3

More specifically, regarding Plaintiffs' Motion for Reconsideration, "[t]he purpose of a Rule 59(e) motion is not to raise an argument that was previously available, but not pressed." *Stone v. Wall*, 135 F.3d 1438, 1442 (11th Cir. 1998). "Finally Linet appeals the district court's denial of his motion to amend or alter the final judgment under Federal Rule of Civil Procedure 59(e). Linet's motion to the district court urged it to reconsider its ruling because Linet disagreed with the district court's treatment of certain facts and its legal conclusions. His motion was essentially a motion to reconsider the district court's prior summary judgment order. Linet however cannot use a Rule 59(e) motion to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment. *See Stone v. Wall*, 135 F.3d 1438, 1442 (11th Cir.1998); 11 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure* § 2810.1 (2d ed. 1995)." *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005).

In sum, Rule 59(e) motions may be granted (1) to account for an intervening change in controlling law; (2) to address newly-discovered or previously-unavailable evidence; or (3) to correct a clear error or prevent manifest injustice. *Cover v. Wal-Mart Stores Inc.*, 148 F.R.D. 294 (M.D. Fla. 1993); *see also In re Kellogg*, 197 F.3d 1116 (11th Cir. 1999) ("The only grounds for granting Kellogg's motion are newly

discovered evidence or manifest errors of law or fact."); *American Home*, 763 F.2d at 1239 ("In short, any error that may have been committed is not the sort of clear and obvious error which the interests of justice demand that we correct.").  "In practice, because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied." Wright, Miller & Kane, *op. cit.*, § 2810.1 at 128.  Finally, "[t]he decision to alter or amend judgment is committed to the sound discretion of the district judge and will not be overturned on appeal absent an abuse of discretion. *Futures Trading Comm'n v. American Commodities Group,* 753 F.2d 862, 866 (11th Cir.1984);   *McCarthy v. Mason*, 714 F.2d 234, 237 (2d Cir.1983); *Weems v. McCloud*, 619 F.2d 1081, 1098 (5th Cir.1980).[4]"  *American Home Assur. Co. v. Glenn Estess & Associates, Inc.*,763 F.2d 1237, 1238-39 (11th Cir. 1985); *see also Chapman v. AI Transport*, 229 F.3d 1012, 1023-24 (11th Cir. 2000) (same).

## 2.   Plaintiffs are unable to meet the Rule 59(e) standard.

After giving Plaintiffs' Motion for Reconsideration in-depth consideration and evaluating the controlling case law regarding Rule 59(e) motions, the Court determines that no adequate grounds exist to justify a  reconsideration of its prior

---

[4]In *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981) (en banc), this court adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *Id.* at 1209.

ruling denying class certification.  Plaintiffs' Motion for Reconsideration is not supported by any intervening change in controlling law or any newly discovered evidence that would support an order altering the result in the Court's decision denying class certification.  Instead, in their Motion for Reconsideration, Plaintiffs merely reiterate the arguments articulated in favor of class certification that were previously rejected by this Court.

As this Court and numerous other courts have held, a motion for reconsideration premised on previously rejected arguments should be denied because it "does not meet the standard employed on review of a Motion for Reconsideration." *Rueter*, 2006 U.S. Dist. LEXIS 53982, at 33.  "[M]otions to reconsider are not a platform to relitigate arguments previously considered and rejected." *See Lazo v. Wash. Mut. Bank*, No. 00-55205, 2001 WL 577029, 1 (9th Cir. May 29, 2001) (motion to reconsider is properly denied where movant merely reiterates meritless arguments); *Am. Marietta Corp. v. Essroc Cement Corp.*, No. 01-3752, 2003 WL 463493, 3 (6th Cir. Feb. 19, 2003) (similar).

Alternatively, to justify Plaintiffs' Motion for Reconsideration, given that they have not pointed to any new evidence or intervening case law, they must be able to demonstrate evidence of manifest injustice or a clear error of law.  As other courts have noted in this context, clear error exists "when although there is evidence to

support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *see also, e.g., Idaho AIDS Foundation, Inc. v. Idaho Housing & Fin. Ass'n*, No. CV-04-155-S-BLW, 2006 WL 1897226, at 3 (D. Idaho July 11, 2006) (applying *Gypsum* clear error standard in rejecting motion for reconsideration); *United States v. Jasin*, 292 F. Supp. 2d 670, 676 (E.D. Pa. 2003) (same); *Reich v. Compton*, 834 F. Supp. 753, 755 (E.D. Pa. 1993) ("[A]ny litigant considering bringing a motion to reconsider based upon . . . [clear error and manifest injustice] should evaluate whether what may seem to be clear error of law is in fact simply a disagreement between the Court and the litigant.")

This Court is not persuaded that it erred in determining that certifying a class was inappropriate based upon the record before it.  Therefore, *a fortiori*, the Court's prior decision certainly was not "clear error" and did not result in any "manifest injustice."  Therefore, and alternatively, because of Plaintiffs' failure to establish any manifest injustice resulting from the Court's earlier decision, or any clear error, Plaintiffs lack valid grounds to justify the Court's reconsideration of its previous ruling on class certification.  In sum, the Court, in its discretion, declines to reconsider its decision denying class certification.

**B.   Plaintiffs' Alternative Motion for Leave to Amend the Complaint**

As an alternative to their Motion for Reconsideration, Plaintiffs seek leave to amend their complaint in an effort to strengthen the viability of class certification by: (i) adding Pamela Reynolds as the class representative of Plaintiffs' Proposed Salary Subclass; and (ii) narrowing the definition of Plaintiffs' Proposed Hourly Subclass to unpromoted test failers.  "Leave to amend a complaint shall be freely given when justice so requires." *Abramson v. Gonzalez*, 949 F.2d 1567, 1581 (11th Cir. 1992). However, a district court may consider factors such as "undue delay, undue prejudice to the defendant," and "extended length of time" when denying a motion seeking leave to amend a complaint. *Id.*

Similar to decisions on class certification, *see, e.g., Forehand v. Florida State Hosp. at Chattahoochee*, 89 F.3d 1562, 1566 (11th Cir. 1996) (citation omitted), rulings on motions to amend are evaluated under an abuse of discretion standard. *See Steger v. General Electric Company*, 318 F.3d 1066, 1080 (11th Cir. 2003) (noting that Eleventh Circuit "reviews the denial of a motion to amend a complaint for abuse of discretion."); *see also Henson v. Columbus Bank and Trust Co.*, 770 F.2d 1566, 1574 (11th Cir. 1985) ("A district court has great discretion when determining whether an amendment to the complaint should be allowed once responsive pleadings

8

have been filed.").

Concerning the standard on abuse of discretion, the Eleventh Circuit has stated

that:

> An abuse of discretion occurs if the judge fails to apply the proper legal
> standard or to follow proper procedures in making the determination, or
> . . . [makes] findings of fact that are clearly erroneous.

*Birmingham Steel Corp. v. T.V.A.*, 353 F.3d 1331, 1335 (11th Cir. 2003) (citations

omitted).

### 1.    Undue Lateness as to Request for Leave to Amend

For the same reasons that the Court did not allow Plaintiffs to substantively

amend the allegations relating to Plaintiff Levert, it also is similarly not inclined, in

its discretion, to permit Plaintiffs to amend their Complaint, over four (4) years after

the lawsuit was initiated,[5] by adding another named plaintiff, redefining its proposed

---

[5]By way of clarification, footnote 2 of the Memorandum Opinion gave an overall time line of the case and demonstrated its long history. The Court did not base its denial of the amendment to Plaintiff Levert's allegations under Rule 16 of the Federal Rules of Procedure because the motion occurred outside of the parties' agreed-to amendment deadline that was never formally incorporated into a scheduling order. Instead, the Court's decision to deny Plaintiffs' prior and current requests to amend are founded upon considerations governed by Rule 15 of the Federal Rules of Civil Procedure, including undue delay on the part of Plaintiffs. *See Hester v. Int'l Union of Operating Eng'rs*, 941 F.2d 1574, 1578-79 (11th Cir. 1991) ("Although generally, the mere passage of time, without more, is an insufficient reason to deny leave to amend a complaint, *undue* delay may clearly support such denial.") (emphasis in original) (internal and other citations omitted).

9

hourly subclass in a more limited fashion, and inviting the Court to revisit the propriety of class certification based upon these modifications.  The inefficiencies created by this court's acceptance of such late[6] amendments are enormous.  Moreover, the concerns articulated by the Eleventh Circuit in the *Birmingham Steel* decision to allow for a reasonable time for a plaintiff to substitute in a new adequate class representative are not triggered, *see* 353 F.3d at 1333, because this Court has never certified a class in this case.

Furthermore, at least some short term finality to the class certification question is preferable to (i) reopening discovery for another round of class certification briefs and a hearing, (ii) further extensive examination by the parties and the Court as to the suitability *vel non* of this case for Rule 23 class treatment, and (iii) the litigation remaining in a quasi-class litigation status during this reassessment period as it has been so situated for an extended length of time.  Accordingly, Plaintiffs' Alternative Motion for Leave to Amend the Complaint is **DENIED**.

### 2. Futility of Proposed Amendments

Alternatively, even if the Court were to allow Plaintiffs the opportunity to amend as requested, for a variety of reasons, such amendments would be futile.

---

[6]The undue lateness of the request is true, even if measured by the date of the class certification hearing held on June 1, 2006, in which Plaintiffs verbally proposed the alternative of narrowing the scope of the class for which they sought certification.

### a.    Proposed Salary Subclass

Comparable to Plaintiff Levert, a preliminary review of Pamela Reynolds's ability to serve as an adequate class representative is brought into question because, if Dr. Welch's declaration is believed, Ms. Reynolds is unable to show that she was treated  less favorably in terms of compensation than white comparators who were similarly situated to her.  (*See generally* Doc. #292 at Ex. A).

However, even setting aside any injury-in-fact problems, the Court fails to envision how the remaining requirements of Rule 23 can be satisfied, especially as it pertains to certification under either Rule 23(b)(2) or (b)(3), due to, *inter alia*, (i) the injection of a punitive damages claim, which makes Rule 23(b)(2) unworkable under the *Allison*[7] incidental damages standard applicable in the Eleventh Circuit;[8] (ii) the adequacy in representation of former employees, who may disagree with the decision to forgo any claim for compensatory damages in an effort to achieve class certification; (iii) the risk of predomination of individual determinations over any

---

[7]*See Allison v. Citgo Petroleum Corp.*, 151 F.3d 402, 415 (5th Cir. 1998) ("Consistent with this analysis, we reach the following holding: monetary relief predominates in (b)(2) class actions unless it is incidental to requested injunctive or declaratory relief.") (citation omitted).

[8]In *Murray v. Auslander*, 244 F.3d 807, 812 (11th Cir. 2001), the Eleventh Circuit adopted the *Allison* incidental damages standard for certification under Rule 23(b)(2).

common issues; (iv) the inability to demonstrate under Rule 23(b)(3) the superiority of "the class action mechanism" to provide a "fair and efficient adjudication of the controversy[;]"[9] and (v) the Eleventh Circuit's overall guidance on class certification in the similar case of *Cooper v. Southern Co.*, 390 F.3d 695 (11th Cir. 2004).

### b.    Proposed Hourly Subclass

Similarly, limiting the scope of Plaintiffs' Proposed Hourly Subclass would not cure the numerous deficiencies and concerns identified by the Court in its initial Memorandum Opinion.  As pointed out by BellSouth, the United States Supreme Court in *Hernandez v. Raytheon*, 540 U.S. 44 (2003) has clarified that it is inappropriate to maintain a disparate treatment claim that is premised upon the alleged disparate impact of a facially neutral employment policy.  *Id.* at 51-52 (observing that Ninth Circuit "erred by conflating the analytical framework for disparate-impact and disparate-treatment claims" when using disparate impact evidence as means of proving claim of discrimination under disparate treatment theory).  Accordingly, Plaintiffs' theory of liability is analytically flawed based upon controlling Supreme Court precedent.

Moreover and alternatively, while a smaller subset of potential class members would be drawn upon as a result of the narrower definition proposed by Plaintiffs, the

---

[9]*See* Fed. R. Civ. P. 23(b)(3).

Court would still conclude that the more limited subclass does not adequately satisfy the Rule 23 requirements.   For example, the highly individualized nature of BellSouth's promotional decisions is reflected in the data showing that 30% of the promotions that occurred within the class period involved either test failers or non-test takers.  (*See* Doc. #246 at 103-04 & Table 6.5).  Similarly, roughly 56% of test passers were not promoted.  (*See* Doc. #246 at 103 ("Only 44.4% of those who passed required tests were promoted.")).  Therefore, neither failing the tests nor passing them provides any appreciable pattern of commonality or typicality concerning the impact of BellSouth's testing policy on promotions.[10]  Accordingly, Plaintiffs' Motion for Leave to Amend the Complaint is alternatively **DENIED** on the grounds of futility.

## III.    CONCLUSION

As analyzed above, Plaintiffs' Motion for Reconsideration and in the Alternative for Leave to Amend the Complaint is **DENIED**.  More specifically, Plaintiffs' Motion for Reconsideration is **DENIED** for Plaintiffs' failure to meet any of the  standards governing Rule 59(e) motions.  Plaintiffs' Alternative Motion for Leave to Amend the Complaint is **DENIED** under Rule 15 because of Plaintiffs'

---

[10]The Court notes that while test qualifiers were more likely than others to receive a promotion, *see, e.g.,* Doc. #246 at 103 n.64, the presence of other individualized variables affecting promotions overshadow this statistical trend for the purposes of Rule 23.

undue delay in seeking the amendment and the extended length of the case, and alternatively because of futility as it pertains to unsuitability of certifying the proposed claims for class treatment.

      **DONE** and **ORDERED** this 7th day of November, 2006.

_____

**VIRGINIA EMERSON HOPKINS**
United States District Judge