# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **GLADYS JENKINS, et al.,** ] | |
|      **Plaintiffs,** ] | |
| ] | |
| **v.** ] | |
| ] | **Case No.: 2:02-CV-1057-VEH** |
| **BELLSOUTH CORPORATION,** ] | |
| ] | |
|      **Defendant.** ] | |

## MEMORANDUM OPINION AND ORDER

**I.     INTRODUCTION**

The court has before it Defendant BellSouth Corporation's ("BellSouth") Initial Motion to Strike Portions of Plaintiffs' Amended Complaint in Response to Exhibit B of the Court's Order (Doc. #301) ("Motion to Strike") filed on November 29, 2006. Contained within this Motion to Strike is a request by BellSouth for oral argument. Plaintiffs filed their Opposition to BellSouth's Motion to Strike Portions of Plaintiffs' Amended Complaint in Response to Exhibit B of the Court's Order (Doc. #302) on December 11, 2006. BellSouth did not file a reply brief.[1]  For the reasons explained below, BellSouth's Motion to Strike and request for an oral hearing

---

[1]Under the court's order entered on October 17, 2006 (Doc. #291) which governs briefing schedules for non-summary judgment motions, BellSouth had five (5) calendar days after Plaintiffs filed their response (*i.e.*, until December 18, 2006) to file its reply.

are **DENIED**.

## II.     ANALYSIS

### A.     Legal Background

"Leave to amend a complaint shall be freely given when justice so requires." *Abramson v. Gonzalez*, 949 F.2d 1567, 1581 (11th Cir. 1992); *see also* Fed. R. Civ. P. 15(a) (same).  However, a district court may consider factors such as "undue delay, undue prejudice to the defendant," and "extended length of time" when denying a motion seeking leave to amend a complaint.  *Abramson*, 949 F.2d at 1581.

Rule 12(f) of the Federal Rules of Civil Procedure states that "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  The rule does not specify any further grounds for which a pleading may be stricken.  "Partly because of the practical difficulty of deciding cases without a factual record it is well established that the action of striking a pleading should be sparingly used by the courts.  It is a drastic remedy to be resorted to only when required for the purposes of justice.  The motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy." *See Augustus v. Board of Public*

*Instruction*, 306 F.2d 862, 868 (5th Cir. 1962) (citations omitted).[2]

**B.     Guided by the above legal principles and for the reasons stated below, the court denies BellSouth's Motion to Strike.**

The current pleading dispute arises out of the court's earlier invitation to Plaintiffs to file an amended pleading "to correct any grammatical problems, obvious house-keeping errors, or any other unchallenged modifications." (Doc. #281 at 2). Since that order and after a narrowing of the disputed issues,[3] the parties have reduced their conflict to certain allegations pertaining to Gladys Jenkins's dealings with the EEOC.[4] While the court would have preferred that the parties reach a mutual

---

[2]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

[3]On November 7, 2006, the court conditionally granted Plaintiffs' Motion for Leave to Amend Complaint (Doc. #297) subject to BellSouth's right to object to the pleading if it went beyond the permissible scope of Doc. #297, and on November 20, 2006, Plaintiffs filed in their amended complaint. (Doc. #299).

[4]More specifically, BellSouth objects to ¶¶ 42, 43, and 44. (Doc. #299 at 25). The allegations state in full:

> 42.    Ms. Jenkins spoke to EEOC Investigator Glenda Brooks in March 2001 concerning race discrimination at BellSouth in connection with BellSouth's policy that employees pass the ACCESS to management test to be considered for promotion.
>
> 43.    The EEOC told Ms. Jenkins in March 2001 that it would investigate her new complaints, and that she did not have to file a new charge since the new complaints grew out of the discriminatory pattern

understanding as to this area entirely, the court appreciates that each side has made a good faith effort to compromise and that oral argument will not result in any significant change to their respective positions or the court's analysis.

While the court understands BellSouth's concern that Plaintiffs' detailed descriptions of Ms. Jenkins's dealings with the EEOC are an attempt to substantively amend and/or revive certain of her claims, which the court has dismissed, Plaintiffs have expressly and unequivocally disavowed such efforts. (Doc. #302 at 3 ("Plaintiffs do not seek to re-litigate these issues, [but] merely to describe accurately Ms. Jenkins's actual dealings with the EEOC prior to the EEOC's issuance of a second [and in this court's view, a legally ineffective] right to sue.")). Accordingly, any new allegations included in Plaintiffs' amended pleading are **DEEMED** with

---

> she had described previously and which were the subject of other charges being investigated by the EEOC.
>
> 44.   The EEOC asked Ms. Jenkins to provide additional information about her complaint, and she did so.  Ms. Jenkins submitted a draft statement to the EEOC in early 2001, and in mid-2001, she submitted her final statement, a six-paged, single-spaced, typed statement with over 100 pages of supporting documentation. She signed that copy. Ms. Jenkins also referred to this statement as her "deposition" in the index she prepared to the documents she submitted to the EEOC.

*Id.*

Plaintiffs' consent to be descriptive only and non-substantive in nature.

Moreover, this court, in allowing Plaintiffs' amended complaint to stand, in no way is revisiting its prior rulings on summary judgment, class certification, or otherwise opening the window to reinstating Ms. Jenkins's dismissed claims. Those decisions, based on Plaintiffs' earlier pleading are, at least from the standpoint of this court, final.

Additionally, BellSouth has not shown to the court that the allegations contained in Plaintiffs' amending pleading are inaccurate or inconsistent from the standpoint of the evidentiary record developed on summary judgment. While BellSouth does not like the style of Plaintiffs' amended pleading, this dissatisfaction does not translate into a right of BellSouth (or the court, for that matter) to rewrite the allegations in a tone that is more to BellSouth's liking. Furthermore, BellSouth will have an opportunity to respond to Plaintiffs' amended complaint with an amended answer that will undoubtedly point out any deficiencies in and/or affirmative defenses that are applicable to Plaintiffs' EEOC allegations concerning Ms. Jenkins and appropriately preserve its position to the extent that such allegations are overreaching, misleading, etc.

### III.   CONCLUSION

In sum, the court does not see any prejudicial harm in letting Plaintiffs' non-

substantive amended pleading stand as presently alleged and as set forth above. Moreover, BellSouth has not met the exacting standard of "no possible relation to the controversy" that Rule12(f) contemplates before a movant is entitled to such "drastic" relief. *See Augustus, supra.* Accordingly, BellSouth's Motion to Strike and request for oral argument are **DENIED**.

    **DONE** and **ORDERED** this 20th day of December, 2006.

                                                       **VIRGINIA EMERSON HOPKINS**
                                                       **United States District Judge**